FILED
U.S. DISTRICT COURT
DUBLIN DIV.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA** OCT -5 AM 9: 13
**DUBLIN DIVISION**

CLERK _BMcCarthy_
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 305-008 |
| | ) | |
| DAVID CHARLES WILSON | ) | |

## O R D E R

In the captioned criminal matter, the Government has filed two motions concerning one of its witnesses, Sue Noles. The first of the motions is a motion in limine to exclude evidence that Ms. Noles was previously convicted for theft by taking/embezzlement in the Superior Court of Dodge County, Georgia. The Court heard the arguments of counsel on this issue on two different occasions during the trial of this case and now enters its findings by this written order.

Generally, a prior conviction against a witness is admissible under Federal Rule of Evidence 609 for the purpose of attacking the credibility of a witness. Rule 609(b), however, prohibits the use of a conviction for impeachment purposes if a period of more than ten years has passed since the date of conviction or of the release of the witness from the confinement imposed for that conviction, whichever is later.

In this case, an Order of Discharge was entered on Ms. Noles' conviction pursuant to the Probation of First-Offenders Act, O.C.G.A. § 42-8-60, on August 11, 1995. Thus, the conviction is over ten years old.

Defense counsel conceded at oral argument that the conviction is subject to the time limit imposed by Rule 609(b). Moreover, Defendant has not attempted to show rare and exceptional circumstances that would convince this Court to except this conviction from the preclusive effect of Rule 609(b). See Advisory Committee Notes to Fed. R. Evid. 609(b).

Defendant argues that the conviction is nevertheless admissible under Federal Rule of Evidence 404(b). Rule 404(b) does not allow evidence of other crimes or prior bad acts "to prove the character of a person in order to show action in conformity therewith." Stated another way, evidence of other crimes or prior bad acts cannot be used to show conformity with or a propensity for committing certain conduct. Rather, Rule 404(b) evidence is only relevant to show "opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The instant case does not present the usual circumstance of the prosecution seeking to introduce evidence of the accused's prior bad acts. Instead, the defense is seeking to

2

admit a prior bad act of a witness other than the defendant.[1] This same circumstance arose in United States v. Cohen, 888 F.2d 770 (11th Cir. 1989). In that case, the Eleventh Circuit stated that the party advancing the Rule 404(b) evidence must demonstrate that the evidence is not being used to prove the character of the witness to show the witness acted in conformity therewith but must show that the evidence has a "special relevance to a disputed issue." Id. at 776.

In Cohen, the "other witness" was a co-defendant of the accused except that the co-defendant witness had pled guilty prior to the jury trial and became a government witness. Id. at 773. In the case, it was the defense's theory that the co-defendant had a motive to lie, specifically that he had been caught engaged in the subject fraudulent scheme, and he therefore had a motive to place the blame for the scheme on the accused. Id. at 773-74. The defense sought to introduce evidence of the co-defendant's prior involvement in a similar fraudulent scheme to show that he perpetrated the subject fraud without the participation or knowledge of the accused.

---

[1]    It is questionable whether this issue is properly analyzed under Rule 404(b) given the Eleventh Circuit's prior statement that Rule 404(b) does not specifically apply to exclude evidence involving "an extraneous offense committed by someone other than the defendant." United States v. Morano, 697 F.2d 923, 926 (11th Cir. 1983). The court went on to state, however, that a trial court must still weigh the probative value of the evidence against the potential prejudice using the policies underlying Rule 404(b). Id.

Id. at 775.   Reversing the district court's exclusion of the prior bad act evidence, the Eleventh Circuit held that such evidence should have been admitted because it was critical to support the defense's contention that the co-defendant was lying to deflect attention from him and onto the accused.   Id. at 776-77.   In other words, the evidence was essential to the defense's theory of the case that the co-defendant perpetrated the fraud without the accused's involvement.   Id.

In the instant case, defense counsel contends that he is seeking to introduce Ms. Noles' prior conviction in a similar fashion to the evidence that was ruled admissible in the Cohen case.   More particularly, defense counsel wishes to delve into the facts of the prior embezzlement conviction to show that Ms. Noles is capable of performing certain acts on her own initiative and thus did not need to be directed by Defendant Wilson to perform similar acts relative to the instant case. That is, the facts underlying her prior conviction will be used to impeach her testimony relative to her conduct in the instant case vis a vis Defendant Wilson.

In order to justify the admission of prior bad act evidence, the moving party must proffer a logical chain of inference consistent with a theory of case.   See United States v. Morley, 199 F.3d 129, 137 (3d Cir. 1999) (quoted source omitted).   Specifically, the moving party must "clearly articulate how that evidence fits into a chain of logical

AO 72A
(Rev.8/82)

inferences, no link of which can be the inference that because the [witness] committed . . . offenses before, [she] therefore is more likely to have committed this one." See id. (quoted source omitted).

In the instant case, Defendant Wilson has not satisfied his burden of demonstrating this logical chain of inference to get from the fact of Ms. Noles' prior conviction to an issue in dispute in the prosecution of Defendant Wilson. At some point in the proffered chain of inference is a link that would necessitate a finding that because Ms. Noles' committed a prior bad act in relation to a prior conviction, she is more likely to have committed that same bad act in the present case. Such inference is the type of evidence that Rule 404(b) seeks to prohibit. Moreover, the fact that this Court would have to admit evidence pertaining to the facts surrounding the prior conviction to establish the first link in the proffered chain has the potential of confusing the jury in such measure as to outweigh the minimal probative value of the evidence. Accordingly, even if the prior conviction could be said to have some relevance, it must be excluded under Rule 403.

Upon the foregoing, I conclude that the prior conviction is not admissible. The Government's motion in limine to exclude mention of the prior conviction of Ms. Noles is hereby **GRANTED**.

The second motion before the Court is the Government's

5

"Motion to Quash or Modify Defendant's Subpoena Duces Tecum" of Ms. Noles.  The subpoena directs Ms. Noles to produce her personal tax returns for years 2001 through 2004 and to produce personal tax returns of certain employees for years 2001 through 2004, which were prepared by Ms. Noles.  The relevancy of these tax returns to the issues in this trial is illusory.  In short, the Government's motion to quash the subpoena such that Ms. Noles is not required to produce the requested documents is **GRANTED**.

**ORDER ENTERED** this 5th day of October 2005, at Dublin, Georgia.

_____
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)