FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 DEC 20 PM 12:00
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 305-008 |
| | ) | |
| DAVID CHARLES WILSON | ) | |

# O R D E R

On October 7, 2005, Defendant David C. Wilson was convicted by a jury on all counts of the indictment. As part of his sentence, the Court imposed a fine of $75,000.00 and a special assessment of $600.00. The Court also ordered payment of restitution in the amount of $264,298.69.

On August 31, 2007, the United States of America issued a Writ of Continuing Garnishment upon Defendant's criminal debt. As of August 20, 2007, Defendant still owed $339,778.69. On September 12, 2007, this Court granted the requested Writ of Continuing Garnishment against the Teachers Retirement System of Georgia (the "Garnishee" herein). The Garnishee answered said writ, stating that it owes Defendant net retirement benefits of $6,497.58 per month for the remainder of his life; however, the Garnishee questioned whether a state law exemption applied to the garnishment. Further, Defendant filed a "Claim for Exemption Form," stating

that his pension payments are exempt from garnishment. The Court will now resolve these matters raised by the recent filings.

18 U.S.C. § 3613(a) allows the United States to enforce a criminal judgment[1] "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or state law." In this case, the government filed its Writ for Continuing Garnishment under the Federal Debt Collection Procedures Act ("FDCPA"), specifically 28 U.S.C. § 3205, which provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor . . . ."

Defendant claims the pension funds are exempt under 18 U.S.C. § 3613(a)(1). This section sets forth only a narrow range of exemptions, to include only property exempt from levy for payment of federal taxes pursuant to Section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986. The only mention of pension benefits in Section 6334 involves "Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad

---

[1] Restitution is enforceable in the same manner as a fine. 18 U.S.C. § 3613(f).

Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code." 26 U.S.C. § 6334(a)(6). Clearly, the pension benefits in this case are not of the enumerated types of annuities and pension payments which would provide an exemption for Defendant under 26 U.S.C. § 6334. It should further be noted that Section 3613(a)(2) provides that the exemptions enumerated in the FDCPA, 28 U.S.C. § 3014, do not apply to enforcement of the government's criminal judgment.

Upon the foregoing, therefore, I have determined that the Writ of Continuing Garnishment may be issued under the FDCPA and in accordance with 18 U.S.C. § 3613.[2] Other courts have also held that criminal restitution orders can be enforced by garnishing retirement funds. See United States v. Novak, 476 F.3d 1041, 1043 (9th Cir. 2007); United States v. Benford, 2007

---

[2] To the extent that state law, in particular, O.C.G.A. § 47-3-28, conflicts with federal law authorizing the garnishment of Defendant's pension benefits, it is preempted. See 28 U.S.C. § 3003(d) (providing that the FDCPA "shall preempt State law to the extent such law is inconsistent with a provision of this chapter"), cited in United States v. McClanahan, 2006 WL 1455698 (S.D. W. Va. May 24, 2006) (holding that federal law expressly preempts state exemptions when the federal government is attempting to collect a fine or restitution, even West Virginia's prohibition of garnishment of state pensions).

WL 1500104 (E.D. Mich. May 22, 2007); <u>United States v. First Bank & Trust East Texas</u>, 2007 WL 1091021 (E.D. Tex. Apr. 9, 2007). Nevertheless, as conceded by the government, the amount of funds that may be garnished is limited to 25% of Defendant's benefits, or $1,624.40 per month. See 18 U.S.C. § 3613(a)(3) (citing the applicability of 15 U.S.C. § 1673). Accordingly, the Government's Writ of Continuing Garnishment is granted as against the Garnishee, the Teachers Retirement System of Georgia, in the amount of $1,624.40 per month. The Clerk is directed to serve a copy of this Order upon the Teachers Retirement System of Georgia.

**ORDERED ENTERED** at Augusta, Georgia, this 20th day of December, 2007.

_____
UNITED STATES DISTRICT JUDGE

4